

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,127-01

### EX PARTE RANDY KAIZER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10CR2388-A IN THE 28TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of continuous sexual abuse of a child, one count of indecency with a child, and two counts of aggravated sexual assault of a child. He was sentenced to sixty years' imprisonment for the continuous sexual abuse and aggravated sexual assault counts, and twenty years' imprisonment for the indecency with a child count, all running concurrently. The Thirteenth Court of Appeals affirmed his conviction. *Kaizer v. State*, No. 13-11-00566-CR (Tex. App. — Corpus Christi–

Edinburg, June 13, 2013, pet. ref'd.) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel told the trial court that Applicant would not be testifying despite Applicant's desire to testify on his own behalf. Applicant alleges that trial counsel did not consult with him until two months after he had been appointed in this case. Applicant also alleges that trial counsel failed to investigate and present evidence that Applicant lacked the opportunity to commit the offenses, and failed to investigate Applicant's claim that it was the complainant's father, and not Applicant who committed the offenses. Applicant alleges that trial counsel failed to call character witnesses to testify at the punishment stage.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a copy of the indictment upon which Applicant was tried in this case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 29, 2015
Do not publish